ALFONSO SANTANA RODRÍGUEZ, Petitioner and Appellant, *v.* IGNACIO PIÑERO, SUPERINTENDENT, ETC., Respondent and Appellee.

No. 12918. Decided November 23, 1962.

*Ángel Luis Saavedra,* attorney *de officio* designated by the Supreme Court, for appellant. *J. B. Fernández Badillo,* *Solicitor General,* and *Jorge Segarra Olivero, Assistant* *Solicitor General,* for appellee.
Division composed of Mr. Justice Belaval, as Chief Judge of Division, Mr. Justice Hernández Matos, and Mr. Justice Santana Becerra.

PER CURIAM.

Petitioner-appellant filed this petition for habeas corpus in the Bayamón Part of the Superior Court alleging that he was prosecuted and sentenced without due assistance of counsel. He was charged with aggravated assault and battery and the possession of weapons, a machete, and was found guilty and sentenced to serve six months in jail in each case. It appears from the record, including the proceedings in the District Court, that after several settings the trial of the cases was set for November 16, 1960, at which defendant appeared and was subpoenæd in open court for another hearing to be held December 8, 1960. While these complaints were pending, petitioner sustained a labor accident fracturing his face and was confined in Professional Building for about two months and a half. When the cases

were called on December 8 defendant, petitioner herein, did not appear. A witness informed that he was working somewhere, and the court ordered the marshal to bring him to court. The marshal called at petitioner's work place, conducted him to court and he was tried.

When petitioner was on the witness stand at the hearing of the habeas corpus, he was withdrawn at the request of the district attorney, who informed the court that between November 16 and December 8, date of the trial, a woman had called on trial judge Juan Colón and urged him to postpone the case because he (the defendant) "needed to find the whereabouts of certain witnesses." Upon returning to the courtroom, the district attorney asked him: "Q. So, sometime on November 16, 1960 you knew already that your case had been set for December 8, but in the meantime you became ill, between November 16 and December 8, when the trial was to be held, you say that you became ill, and try to recall whether you sent a lady to see the judge about postponing this case which was set for December 8, alleging that you were sick and also that it was necessary that certain witnesses be summoned?" Petitioner answered in the affirmative and that that woman was his godmother. Later, upon questioning by the court, he said that he was seeking postponement because he was sick as a result of the blow.

 The evidence on certain essential facts was controvertible. Petitioner testified that he had informed the judge that he could hire an attorney, and that the judge designated Lic. Sotomayor; that he conferred with him for about 10 minutes and told him that he was not prepared for trial; the attorney advised him to go to trial; that he did not ask him whether he had any witnesses or whether he could pay a lawyer; that he insisted that he had witnesses; that he had suffered a bad accident and as a result was not feeling well; that he told the attorney that he was working so he could hire a lawyer; that on the basis of his information he believes that his defense was good; and that when his god-

mother procured the postponement he was sick from the blow. On the other hand, Lic. Sotomayor said that he did not recall petitioner's words when he said that he did not have counsel; that he could not assure whether defendant said that he did not have counsel because they brought him from work and that he wanted to hire one; that he conferred with defendant about 15 minutes and the latter informed him; that if he recalled correctly, he told him that he had no witnesses. We do not have the benefit of the trial court's ruling on the conflict in the evidence because it did not make any findings of fact. From the fact that the petition was denied, without the grounds being stated, it should not necessarily be inferred that it could not have given credit to petitioner, since the determination whether or not there was adequate assistance of counsel is in the last instance a conclusion of law, the product of the rational evaluation of an entire situation of facts and circumstances which may not be restricted to the ambit of the trial itself, nor be confined only to the witnesses' statements given at the trial.[1] On the other hand, although it is true that the attorney said that he was prepared for trial, in view of specific situations with which he was confronted, by the trial court inclusive, it transpires from his statement that he entertained some doubt as to the propriety of having gone to trial under such circumstances.

██ There is no question that under the circumstances the defense attorney did his best to render proper assistance. We are not convinced, however, that the circumstances permitted an adequate defense despite the attorney's efforts. We do not mean to say that in every case in which an attorney is designated to an accused before going to trial, with more or less short time to prepare himself, it should be concluded that he did not have due assistance of counsel. The record in this case does not show with the necessary

---

[1] The trial judge, who was present at the hearing of the appeal for subpoena by the district attorney, could have helped to clarify the facts, but he was not called to the stand.

certainty that defendant had no witnesses to testify on his behalf. It shows, on the contrary, that there could have been such witnesses. It is likely that defendant, without assistance of counsel, was not aware that the law guaranteed to him compulsory means to procure the attendance of those witnesses.

Considering all the facts and circumstances appearing of record, we are not convinced, with the degree of certainty required for the enjoyment of a constitutionally guaranteed right, that petitioner was prosecuted and convicted under circumstances permitting adequate assistance of counsel.

The judgment appealed from will be reversed and the case is remanded to the trial court with instructions to set aside the judgments of conviction and to remand the case to the District Court in order that petitioner may be reprosecuted.